The Honorable Mike Todd State Representative 333 W. Court Street Paragould, AR 72450
Dear Representative Todd:
You have requested an opinion on the following question:
 Is a school district limited to reducing net current revenue to the amount of the schedule payment, or can it reduce the net current revenue by the total amount paid, i.e. if the school district prepays all or any portion of the remaining balance of the commercial bond or amount due the state revolving loan program, can it deduct those amounts from net current revenue?
Section 8(c) of Act 34 of 1983, compiled at Ark. Stat. Ann. 80-850.17(c) (Cum. Supp. 1985), reads as follows:
 Net current revenue shall be the gross current revenue as defined in paragraph (b) of this Section less the amount received for state transportation aid, the amount set aside for textbook program aid, and the amount required to meet principal and interest payments on both commercial bonds and any amount due the state revolving loan program. (Emphasis added.)
A review of the language employed in Section 8(c) compels the conclusion that net current revenue must be calculated by reducing gross current revenue by, inter alia, the school district's periodic payments of interest and installments of principal, and not by the remaining balance due under these two forms of indebtedness. The answer to your question, therefore, is that in calculating net current revenue a school district cannot include amounts prepaid on the remaining balance of the commercial bond or the revolving loan.
The inclusion of the phrase ". . . the amount required to meet principal and interest payments" (emphasis added) is determinative in this regard. This introductory phrase applies to both forms of indebtedness, that is, "commercial bonds" and "any amount due the state revolving loan program." In referring explicitly to the amount required to meet these payments, Section 8(c) implicitly excludes prepayments from the current revenue calculation.
It is an established rule of statutory construction that the General Assembly is assumed to have employed words in their most usual and common meaning. Williams v. American Broadcasting Companies, Inc., 967 F.R.D. 658 (D.C. Ark. 1983). The word "require", according to Webster's New Collegiate Dictionary, 1977 Ed., means "to claim or ask for by right and authority." The General Assembly's use of this term, therefore, indicates that to the extent the district is not required to prepay all or any portion of the remaining balances, its use of those amounts in calculating net current revenue would be contrary to Act 34 of 1983.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.